**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**ESCHELL ASHCROFT,**

                              **Plaintiff,**

   vs.                                             **9:17-cv-398**
                                                            **(MAD/DEP)**

**SUPT. WILLIAM A. LEE,**

                              **Defendant.**

_____

**APPEARANCES:**                                **OF COUNSEL:**

**ESCHELL ASHCROFT**
**03-A-1961**
Eastern Correctional Facility
30 Institution Rd
P.O. Box 338
Napanoch, New York 12458-0338
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**        **DAVID A. ROSENBERG, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorney for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

Plaintiff *pro se* Eschell Ashcroft ("Plaintiff"), an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") at Eastern Correctional Facility ("Eastern"), has been legally blind since at least early 2008 and suffers from keratoconus, a condition that causes him pain and discomfort when exposed to bright lights and certain benign substances. *See* Dkt. No. 2 at 11-12; Dkt. No. 2-1 at 3, 27, 31. On or about June 28, 2016, Plaintiff submitted a request for reasonable accommodations to permit him to participate in the programs and services available to inmates at Eastern. *See* Dkt. No. 2-1 at 7. Plaintiff's request

was approved in part and denied in part.  *See id.*  Plaintiff alleges that the prison has not adequately provided him with accommodations.  *See* Dkt. No. 2-1 at 6.  Further, Plaintiff alleges that although Defendant Superintendent William A. Lee ("Defendant") knew of his eye diagnosis, he has refused requests to keep the lights in his cell either off or dimmed.  *See* Dkt. No. 22 at 5.

On April 3, 2017, Plaintiff filed a complaint (the "Complaint") in the Northern District of New York against Defendant and three other individuals employed by DOCCS.  *See* Dkt. No. 22 at 1-2.[1]  The Complaint asserted that Defendants violated Plaintiff's rights under the Eighth Amendment, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and Section 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 794.  *See id.*  After Plaintiff initiated this action, the claims against all parties but Defendant were dismissed.  *See id.* at 2.

On July 24, 2017, Defendant filed a motion to dismiss.  *See* Dkt. No. 16.  Plaintiff failed to respond in opposition to the motion.  On October 24, 2017, Magistrate Judge Peebles issued a Report and Recommendation recommending that the Court grant Defendant's motion to dismiss but give Plaintiff leave to amend his complaint.  *See* Dkt. No. 22 at 18-19.

Magistrate Judge Peebles determined that Plaintiff failed to allege the *prima facie* elements of a disability discrimination claim.  *See id.* at 14-15.  The Report and Recommendation found that the Complaint failed to connect the denials of accommodations to discrimination based on disability.  *See id.* at 15-16.  However, the Report and Recommendation noted that Plaintiff could possibly allege a retaliation claim and recommended giving Plaintiff leave to amend his complaint.  *See id.* at 17.

Magistrate Judge Peebles also recommended dismissing the conditions-of-confinement

---

[1] The cited page numbers for docket entries in this Order refer to those assigned by the Court's electronic filing system ("ECF").

2

claim based on Defendant's refusal to dim Plaintiff's lights as the Complaint failed to allege facts necessary to establish that Defendant was personally involved in the alleged violation. *See id.* at 12. "There are no allegations concerning how [Defendant] became aware of [P]laintiff's request for dim lighting, and [P]laintiff neither alleges nor provides any proof in the documents attached to his complaint that show that [Defendant] actually became aware of [P]laintiff's grievances concerning the lighting in his cell." *Id.*

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections to a magistrate judge's report, the district court engages in *de novo* review of the issues raised in the objections. *See id.*; *Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008). When a party fails to make specific objections, the court reviews the magistrate judge's report for clear error. *See Farid*, 554 F. Supp. 2d at 307; *see also Gamble v. Barnhart*, No. 02-CV-1126, 2004 WL 2725126, *1 (S.D.N.Y. Nov. 29, 2004).

Here, Plaintiff failed to respond to the motion to dismiss and did not submit objections to Magistrate Judge Peeble's Report and Recommendation. A litigant's failure to file objections to a magistrate judge's report-recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review

3

unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a) and former 6(e) of the Federal Rules of Civil Procedure).

Having reviewed Magistrate Judge Peebles's October 24, 2017, Report and Recommendation and the applicable law, the Court concludes that Magistrate Judge Peebles correctly recommended that the Court should grant Defendant's motion to dismiss.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Peebles's Report and Recommendation (Dkt. No. 22) is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that Defendant's motion to dismiss (Dkt. No. 16) is **GRANTED**; and the Court further

**ORDERS** that Plaintiff has **THIRTY (30) DAYS** to file an amended complaint; and the Court further

**ORDERS** that if Plaintiff fails to submit an amended complaint within thirty (30) days of this Order, the Clerk of the Court shall enter judgment in Defendant's favor and close this case without further order of this Court; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: February 15, 2018
Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge